No. 73–2008.   AYRE v. MARYLAND.   Crim. Ct. Balti-
more City, Md.   Certiorari denied.   MR. JUSTICE DOUG-
LAS, being of the view that any state or federal ban on,
or regulation of, obscenity is prohibited by the Constitu-
tion, *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957)
(DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S.
15, 42–47 (1973) (DOUGLAS, J., dissenting); *Paris Adult*

*Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Criminal Court of Baltimore City of possession of obscene materials with intent to sell in violation of Md. Ann. Code, Art. 27, § 418 (1971). Section 418 provides in pertinent part as follows: "Every person who . . . has in his possession with intent to distribute . . . any obscene matter is guilty of a misdemeanor." The Maryland courts have defined the term "obscene" by adopting the test set forth in *Miller* v. *California,* 413 U. S. 15 (1973). See *Ebert* v. *Maryland State Bd. of Censors,* 19 Md. App. 300, 313 A. 2d 536 (1973). The Maryland Court of Special Appeals and the Maryland Court of Appeals denied certiorari.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 418 of the Maryland Code is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari, and, since the judgment of the Maryland Court of Appeals was rendered after *Miller,* reverse.* In that circumstance, I

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).